```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/15
                TS
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA


      -against                                           Opinion and Order
                                                         13 CR 147 (KMW)
IVELISSE ROQUE SANTANA, et al,

                                 Defendants.
------------------------------------------------------------------x
KIMBA M. WOOD, District Judge:


## I.    __Background__

      Janier Castillo, Eliana Sarmiento and Flor Soto ("Defendants") were charged with

Conspiracy to Steal Government Funds, Theft of Government Funds, Identity Theft Conspiracy

(defendant Castillo) and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 371, 641 & 2,

1028(f) and 1028(a)(1), (c)(1) & 2. On March 1, 2013, the original indictment was filed in this

case against five defendants. On December 5, 2013, defendants Sarmiento and Soto, along with

five additional defendants, were added to the case, when the Grand Jury returned a superseding

indictment S10 13 CR 147. At a conference held on January 8, 2014, the Court set a trial date of

February 23, 2015, and excluded time through that date. *See* Dkt. No. 124 at 10.

      On July 8, 2014, the Government added charges against defendant Sarmiento in

superseding indictment S13, along with new charges against an additional four defendants,

including Janier Castillo, who was charged in superseding indictment S17. Although time was

already excluded on the case generally, on July 22, 2014, time was expressly excluded as to

defendant Castillo, with Castillo's consent, through February 23, 2015. *See* Dkt. No. 173.

On August 26, 2014, codefendant Julio Lara Trinidad filed a "Motion for Trial Counsel to Adopt Defendant's Pro Se Motion or in the Alternative Allow Defendant to Proceed Pro Se with the Aid of Trial Counsel." *See* Dkt. No 182. On November 24, 2014, the Court held a conference with respect to Trinidad's motion. *See* Dkt. No. 231. The Court relieved Trinidad's counsel and appointed new counsel to act as "stand-by" counsel to Trinidad. The Court stated that it would not decide Trinidad's motion until new, stand-by counsel had had an opportunity to review the motion and submit any further briefing that she thought necessary. To date, no further briefing has been submitted by Trinidad or stand-by counsel.[1]

On November 26, 2014, Castillo filed a motion seeking a bill of particulars, additional discovery, and severance from her codefendants. *See* Dkt. No. 216. The Government filed its opposition to the motion on January 6, 2015. *See* Dkt. No. 237. Castillo was not given a date by which to file a reply brief. On February 4, 2015, Castillo filed her reply memorandum. *See* Dkt. No. 246.

On December 9, 2014, Soto filed a motion seeking a bill of particulars, production of *Brady* and *Giglio* materials, disclosure of Rule 404 evidence and leave to file supplemental motions. *See* Dkt. No. 224. The Government filed its opposition to the motion on January 6, 2015. *See* Dkt. No. 237. Soto did not file a reply brief.

On February 6, 2015, Sarmiento filed a motion for a bill of particulars. *See* Dkt. No. 248. The Government filed its response on February 23, 2015. *See* Dkt. No. 254. Sarmiento was not given a date by which to file a reply brief, and did not file a reply brief.

---

[1] Counsel for Trinidad has asserted that she has had difficulty meeting with Trinidad because of his coinciding prosecutions in the Districts of Connecticut and New Jersey, and the resulting changes in his detention locations. The Court accepts this statement.

On February 20, 2015, the Court adjourned trial *sine die*, and stated that it would "issue

an Order scheduling a conference, to discuss possible hearing dates and a new date for trial, once

the pretrial motions have been fully briefed." Dkt. No. 252.  On October 1, 2015, the Court

denied Castillo, Flor Soto, Yanira Grant and Sarmiento's motions in their entirety.[2]  *See* Dkt. No

312.

Castillo filed her Motion to Dismiss the Indictment, with Prejudice, for Violation of the

Speedy Trial Act, on October 21, 2015 ("Castillo Motion".)  Sarmiento filed her Motion to

Dismiss the Indictment, with Prejudice, on October 27, 2015 ("Sarmiento Motion".)  The

Government filed its Memorandum of Law in Opposition on November 2, 2015 ("Govt.

Response".)  Castillo filed her Reply Memorandum of Law on November 5, 2015 ("Castillo

Reply".)  Sarmiento filed her Reply Memorandum of Law on November 6, 2015 ("Sarmiento

Reply".)  On October 1, 2015, Soto joined in the motions of Castillo and Sarmiento ("Soto

letter".)

For the reasons that follow, the Court DENIES Defendants' motions.

## II.    Motion to Dismiss the Indictment, With Prejudice

Defendants move to dismiss the indictment, with prejudice, alleging that the time within

which the Defendants' trial was required to commence under the Speedy Trial Act has elapsed.

---

[2]The Court issued this Order with respect to these defendants' motions after a period of receiving no further briefing from the defendants and no indication from Grant or Sarmiento as to whether further briefing would be filed, and after a period of awaiting further briefing on Trinidad's motion and receiving none.  Sarmiento states that her motion was fully briefed on February 23, 2015, when the Government filed its response; Sarmiento did not indicate whether she would file a reply to the Government, nor did she provide the Court with a full set of motion papers at the time she states the motion became fully briefed, per the Court's Individual Rules.  *See* Rule 2.E.  Soto also did not indicate whether she would file a reply to the Government, nor did she provide the court with a full set of motion papers at the time she states the motion was fully briefed.  Castillo states that her motion was fully briefed on February 4, 2015; Castillo also did not notify the Court with a full set of motion papers at the time the motion became fully briefed, as required by the Court.

Defendants state that their motions were "under advisement" as of February 4, 2015 (Castillo)

and February 23, 2015 (Sarmiento), and that the 30-day advisement period set forth in 18 U.S.C.

§3161(h)(1)(H) expired on March 6, 2015 and March 26, 2015, respectively. Defendants argue

that the seventy days under the Act for commencement of trial expired on May 12, 2015 and

June 4, 2015, respectively.[3] Defendants further argue that Trinidad's pending motion did not toll

the Speedy Trial clock with respect to their cases because they are indicted in separate

superseding indictments from Trinidad, and thus are not codefendants. Finally, Defendants

argue that the indictment should be dismissed with prejudice considering the seriousness of the

offense, the circumstances of the case, and the impact on the administration of justice.

A.    Governing Law

Trial must commence, for a federal criminal prosecution, within 70 days from the date an

information or indictment is filed, or from the date the defendant appears before an officer of the

court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1). However,

certain delays caused by pretrial motions are automatically excluded from the time under the

Act. First, a "delay resulting from any pretrial motion, from the filing of the motion through the

conclusion of the hearing on, or other prompt disposition of such motion" is excluded by the

statute. 18 U.S.C. § 3161(h)(1)(D). Second, "[a]ny period of . . . delay reasonably attributable to

any period, not to exceed thirty days, during which any proceedings concerning the defendant is

actually under advisement by the court" is also excluded under the Act. 18 U.S.C. §

3161(h)(1)(H). Finally, the Act automatically excludes any "reasonable period of delay when

the defendant is joined for trial with a codefendant as to whom the time for trial has not run and

---

[3] Soto does not state the date that she believes her Speedy Trial clock expired.

4

no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

B.      Analysis

        The time under the Speedy Trial Act has been excluded as to all remaining codefendants

because of Trinidad's pending pretrial motion.  "Cases involving multiple defendants are

governed by a single speedy trial clock" and "delay attributable to any one defendant is charged

against the single clock, thus making the delay applicable to all defendants."  United States v.

Pena, 793 F.2d 486, 489 (2d Cir. 1986).  Here, Trinidad, Sarmiento, Soto, Castillo and their

codefendants have been charged in a series of superseding indictments under the same index

number.  As the Court noted in its October 1, 2015 Order, the alleged schemes carried out by the

defendants in this case are inextricably intertwined.  The Government has maintained

throughout that the defendants who proceed to trial will be charged together in a separate trial

indictment.  The fact that Defendants are currently indicted in separate superseding indictments

does not mean they are not codefendants for the purposes of the Speedy Trial Act.  Indeed,

Defendants have appeared before the Court for numerous pretrial conferences, at which one trial

date was contemplated for all defendants and time was excluded through that date.  The District

Court for the District of Columbia considered codefendants charged in separate indictments and

concluded that they were governed by a singular Speedy Trial Act clock where "it was clearly

intended from the beginning, and so understood by [the defendant], that the two cases would be

joined for trial."  United States v. Zaitar, 858 F. Supp. 2d 103, 108 (D.D.C. 2012).  Trinidad's

pending and not fully briefed pretrial motion tolled his Speedy Trial Act clock and that of the

Defendants.

        Sarmiento argues that the time for a "prompt disposition" of Trinidad's motion during a

5

"reasonable period", as required by the statute, has long since passed. (Sarmiento Motion at 3
-4.) As noted above, stand-by counsel for Trinidad had stated, and the Court accepts, that her
delay in filing further briefing was due to the extreme difficulty she experienced in attempting to
meet with her client. "[T]he plain language of the Speedy Trial Act . . . mandates the automatic
exclusion—without limitation—of 'delay resulting from any pretrial motion.'" United States v.
Shellef, 718 F.3d 94, 109 (2d Cir. 2013). Finally, Sarmiento is "required to make a motion for
severance in order to benefit from the reasonableness limitation", a motion that she did not make.
United States v. Vasquez, 918 F.2d 329, 336 (2d Cir. 1990).

     Defendants argue (assuming that they were not governed by the same Speedy Trial clock
as Trinidad) that their motions were fully briefed and "under advisement" in February of 2015,
and that the Speedy Trial Act time expired 30 days thereafter. Defendants point to United States
v. Bert, 801 F.3d 125 (2d Cir. 2015) to support their argument. In Bert, the Second Circuit held
that the first thirty days after the defendant's motion was under advisement was properly
excluded, and that the 70-day indictment-to-trial period began to run after the advisement period
had ended. Id. at *6. However, the defendant in Bert did not have any codefendants for which
the Speedy Trial clock was tolled, as discussed above. Even absent this fact, Bert's ruling is
inapplicable here because Defendant's motions were not "under advisement" in February of
2015. In its February 20, 2015 Order, the Court ordered trial adjourned *sine die* and stated that it
would consider possible hearing dates , and a new date for trial, once the pretrial motions were
fully briefed. Dkt. No. 252. Because the Court contemplated a hearing for pretrial motions, and
further briefing from the parties, Defendants' motions were not "under advisement" at that time.
See United States v. Bufalino, 683 F.2d 639, 644 (2d Cir. 1982)(considering persuasive the

guidelines issued by the Administrative Office of the United States Courts, which stated that a motion was under advisement "the day following the date on which the court has received everything it expects from the parties").

Finally, Defendants argue that the indictments should be dismissed with prejudice. Although the Court has determined that the motions to dismiss the indictments should be denied, the Court will address the issue of prejudice. First, Defendants argue that the facts and circumstances in this case weigh in favor of a dismissal with prejudice. Castillo argues that the Government's "lackadaisical attitude" with respect to her case warrant a dismissal with prejudice. (Castillo Motion at 7.) Sarmiento asserts that the Government's repeated filing of successive indictments caused confusion and violated the Rule 13 of the Southern District Rules for the Division of Business Among Judges. (Sarmiento Motion at 5.) The Government asserts, and the Court accepts, that discovery was produced to Castillo *seriatim* as it was received by the Government, and that subsequent plea negotiations were unsuccessful. (Govt. Response at 14.) The Government then, not unlike Defendants, awaited resolution of the pretrial motions. When a case does "not involve intentional non-compliance with the Act, nor was it designed to gain a tactical advantage for the government," dismissal with prejudice is not warranted. United States v. Simmons, 786 F.2d 479, 485-486 (2d Cir. 1986). Sarmiento's argument with respect to Rule 13 is without merit. As already noted, the alleged schemes carried out by the defendants in this case are inextricably intertwined and thus the Government charged the defendants under the same index number. The Government has maintained throughout the pendency of the case that the defendants who proceed to trial will be charged together in a separate trial indictment. The Court was not aware of any confusion as to whether the defendants in this case were, in fact,

7

codefendants, nor was this issue raised before the Court prior to the filing of Defendants' motions to dismiss the indictment.

Second, Defendants argue that the Court should consider the seriousness of the offense in determining whether a dismissal should be with prejudice. In this case, Defendants were using stolen identities and social security numbers to attempt to unlawfully obtain hundreds of millions of dollars in fraudulent IRS tax refunds. The offense charged in this case is very serious, because the losses to United States taxpayers are in the millions of dollars, and the seriousness of the offense does not weigh in favor of a dismissal with prejudice.

Third, Defendants argue that the impact of reprosecution and the administration of justice in their case favor a dismissal with prejudice. Defendants claim that the case was "hanging in the balance for months without any effort by the government to move the case forward." (Castillo Motion at 8.) Defendants also state that the prejudice caused by travel restrictions, and distress in having a pending criminal case with the possibilities of incarceration and deportation, weigh in favor of dismissal with prejudice. Soto asserts that her electronic monitoring has interfered with her ability to obtain employment. (Soto letter at 1.) Defendants have spent the duration of their case, including the time during which their motions were pending, released on bail. Defendants' bail conditions included travel restrictions and electronic monitoring, as conditions of release often do, and do not amount to prejudice in the Speedy Trial act context. Similarly, the possibility of incarceration or deportation, faced by each defendant in this case, cannot be the basis for prejudice for a Speedy Trial Act violation. It is worth noting that although Defendants claim the Government left the case "hanging in the balance for months", Defendants did not file their motions to dismiss the indictment until approximately five months

8

after they argue that the seventy days under the Act for commencement of trial expired. Further, although Defendants claim that their pending case was a source of distress, Defendants ignored the Court's Individual Rules of Practice, 2.G, requiring them to notify the Court if their motion was not decided within 60 days of when it was fully briefed.

## III.   Conclusion

In conclusion, for the reasons explained above, the Court DENIES the Defendants' motions to dismiss the Indictment on Speedy Trial grounds. Counsel for Trinidad is ordered to submit to the Court by December 12, 2015, a letter stating when she will inform the Court whether she intends to supplement Trinidad's motion, and, if she intends to supplement it, whether she can do so within three weeks of this Order. The Government response will be due two weeks after either (1) her notification that nothing more will be filed; or (2) her filing of a supplemental motion.

SO ORDERED.

Dated: New York, New York
      December **3** , 2015

                             KIMBA M. WOOD
                       United States District Judge

9